**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

EAZS A. HARPER,

      Plaintiff,

v.

                                          Case No. 26-cv-434-NJR

DAVID WARGO, SCOTT WOBBE,
JAMES GOMRIC, ERIN CONNER,
CATHY MACELROY, ERICA
SZEWCZYK, SCOTT ROSENBLUM,
NATHAN SWANSON, JOHN O'GARA,
and SARAH WHEELER,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Eazs A. Harper, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Harper alleges various errors and constitutional violations that occurred during his criminal trial. He seeks monetary damages, as well as a new criminal trial or dismissal of his conviction (Doc. 1, p. 52).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Harper was convicted of several charges including murder and attempted murder and was sentenced to over 80 years in prison (Doc. 1, pp. 9-10, 19).[1] Harper alleges that his conviction was the result of malicious prosecution and police misconduct. He alleges that police officers David Wargo and Scott Wobbe made false statements, fabricated evidence, misled the grand jury, and coerced witnesses (*Id.* at pp. 19-20, 22-24). Harper alleges the two officers fabricated evidence and testimony to obtain a warrant and ultimately a conviction for murder (*Id.* at p. 20). Harper further alleges that state prosecutors James Gomric and Erin K. Conner were aware of the officers' conduct and yet still utilized the false evidence both before the grand jury and at trial (*Id.* at pp. 21, 30-32). They also failed to disclose exculpatory evidence, including contradictory witness statements and video footage allegedly demonstrating that Harper was not the shooter (*Id.* at pp. 10, 26-28, 32-33). Harper alleges the officers and prosecutors violated his rights under the Fourth, Eighth, and Fourteenth Amendments.

Harper also alleges that his trial counsel, including Cathy MacElroy and Erica Szewczyk, as well as his appellate counsel Scott Rosenblum and Nathan Swanson,

---

[1] According to the Illinois Department of Corrections Individuals in Custody Search page, Harper was sentenced to 49 years on a charge of murder and 31 years on a charge of attempted murder. He also received additional time on a gun charge. All of the convictions took place in St. Clair County, Illinois. *See* https://idoc.illinois.gov/offender/inmatesearch.html (last visited May 12, 2026).

committed unprofessional errors and prejudiced his defense with deficient performances (Doc. 1, p. 34-38). He alleges the attorneys failed to adequately investigate the laws and facts by failing to obtain transcripts of the grand jury testimony and other proceedings that could have been used to impeach witnesses (*Id.*). Harper alleges the attorneys also failed to investigate the false and coerced evidence that would have shown it was physically impossible for him to commit the shooting (*Id.* at pp. 35-37). He further alleges that his appellate counsel failed to raise pertinent issues in his appeal (*Id.* at pp. 38-45).

Harper also takes issue with the judge in his criminal case. He alleges Circuit Judge John O'Gara tainted his trial and showed bias and prejudice by refusing to recuse himself from the trial despite having been the prosecutor's law partner (Doc. 1, p. 45). Harper also alleges that Judge O'Gara improperly denied requests to present certain evidence to the jury, Harper's request for directed verdict, and his motion for new trial (*Id.* at pp. 45-46).

Finally, Harper alleges that Sarah Wheeler, an Illinois State Police Freedom of Information Act ("FOIA") Officer, violated his due process rights by failing to turn over requested documents (Doc. 1, p. 48). Harper alleges that Wheeler specifically denied his request for evidence for the trial that he alleges would have proved his innocence (*Id.*).

### Discussion

There are several issues with Harper's Complaint. First, Harper sues numerous officials who are immune from suit. To the extent that he alleges constitutional violations by Judge O'Gara for his rulings or failure to recuse, O'Gara is absolutely immune from suit for his judicial acts. *Richman v. Sheahan*, 270 F.3d 430, 434-35 (7th Cir. 2001); *Dawson*

3

*v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) ("If a judge errs through inadvertence or otherwise, a party's remedy is through appellate process.") (quotations omitted). Similarly, prosecutors with the State's Attorney Office enjoy "absolute immunity from civil suit under [Section] 1983 for damages 'in initiating a prosecution and in presenting the State's case.'" *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976)); *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016). Further, Harper's trial and appellate counsel are not proper defendants under Section 1983. *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995) (citing *Polk County v. Dodson*, 454 U.S. 312, 317 n. 4 (1981)).

Harper's claim against Sarah Wheeler for her failure to provide him with access to requested documents pursuant to his FOIA request also fails to state a viable claim (Doc. 1, pp. 48-49). Harper attaches his request to the Complaint (Doc. 1-1, pp. 7-8). Sarah Wheeler responded to the request, noting that the Illinois State Police needed additional time because the documents sought either had not yet been located, required additional examination, and/or could not be provided within the required timeframe for a response due to undue burden (Doc. 1-1, p. 10). Harper also attached a letter from the Illinois Attorney General noting that he never received a response from Wheeler after the requested extension of time (*Id*. at p. 13). Per that response, the Assistant Illinois Attorney General noted that Illinois's FOIA allowed an individual to file suit against the public body who denied the request (Doc. 1-1, p. 14). *See also* 5 ILCS 140/11(a). But because Harper seeks documents from a state agency, Illinois's FOIA applies, and Section 1983 does not provide for the enforcement of state law. *See Poole v. Saddler*, Case No. 13-cv-

4984, 2014 WL 585306, at * 4 (N.D. Ill. Feb. 14, 2014) (dismissing due process claim for failure to provide medical records in response to FOIA request) (quoting *Bond v. Atkinson*, 728 F.3d 690, 693 (7th Cir. 2013)); *Neff v. Walker*, Case No. 09 0386, 2009 WL 498071, at *1 (D.D.C. Feb. 26, 2009) (federal FOIA applies only to federal agencies and plaintiff seeking enforcement against state agency must pursue their claims in state court under state FOIA); *Mamarella v. County of Westchester*, 898 F. Supp. 236, 237 (S.D.N.Y. 1995) ("plain language of the [federal] FOIA precludes its application to state or local agencies") (collecting cases). Further, Illinois FOIA, like the federal FOIA, does not provide a cause of action against individual employees. *See Poole*, 2014 WL 585306, at * 4; *Moorer-Bey v. Fed. Bureau of Prisons*, Case No. 12-212-GPM, 2012 WL 1409500, at *4 (S.D. Ill. Apr. 22, 2012). Thus, his claim against Wheeler for failing to respond to his FOIA request is **DISMISSED**.

Harper's remaining claims for money damages based on the actions of police officers in allegedly falsifying evidence and denying him access to exculpatory evidence resulting in his wrongful conviction are barred by the doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (emphasis in original).

Here, Harper does not claim that his conviction or sentence has been reversed, expunged, or otherwise invalidated by a state or federal court. In fact, he asks that this Court grant him a new trial or fully exonerate him. If this Court were to award Harper damages, such an order would necessarily imply that his conviction and/or sentence is invalid. Therefore, Harper cannot maintain a claim for damages in this case.

Moreover, dismissal or reversal of a criminal conviction is not an available remedy in a Section 1983 civil rights case. As such, this Court must independently evaluate the substance of Harper's claim to determine if the correct statute—in this case 42 U.S.C. § 1983—is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).

A state prisoner who wants to challenge his conviction or sentence may do so in a federal habeas corpus action under 28 U.S.C. § 2254. However, before a prisoner's claims may be addressed under Section 2254, the claims must be raised and fully exhausted through the state courts. Ordinarily, this will involve raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois

Supreme Court.[2] *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

As this Court cannot convert a purported Section 1983 claim into a Section 2254 petition, Harper's claims must be dismissed without prejudice. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004); *Copus v. City of Edgerton,* 96 F.3d 1038, 1039 (7th Cir. 1996).

## Motion for Preliminary Injunction

In addition to his Complaint, Harper filed a motion for preliminary injunction seeking the production of the documents that he sought through his FOIA request (Doc. 1-1, pp. 2-4; Doc. 4). But as previously stated, the denial of Harper's FOIA request does not state a claim. The request for documents was made pursuant to Illinois's FOIA, and the violation of state law does not give rise to a constitutional violation. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (violations of state law or department regulations do not state a claim under Section 1983). Thus, his request for injunctive relief is **DENIED as moot**.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. The Court counts the dismissal of this action as one of Harper's three "strikes" within the meaning of 28 U.S.C. § 1915(g). The claim for

---

[2] Harper notes that he has appealed his conviction to the Illinois Court of Appeals, but it is not clear as to whether he has filed any further appeals.

damages for violations by law enforcement is **DISMISSED without prejudice**.[3] All other claims are **DISMISSED with prejudice**.

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if further amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). It is clear from the Complaint that majority of Harper's claims are against those immune from suit or for damages which are currently *Heck*-barred. Therefore, the Court concludes that further amendment would be futile.

If Harper wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Harper does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Harper may also incur another

---

[3] A *Heck*-barred claim must be dismissed without prejudice so the claim may be refiled later if the conviction or sentence is eventually invalidated. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011); *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. Dec. 15, 2021).

"strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

Finally, the Clerk is **DIRECTED** to send Harper a blank habeas corpus petition under 28 U.S.C. § 2254. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 12, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**